**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAHMIR ASHLEY-BOYD,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>THOMAS MANTICI,<br><br>　　　　　　　Defendant. | Civil Action No. 22-2124 (KMW) (MJS)<br><br>**OPINION** |

**WILLIAMS, District Judge:**

This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff's complaint (ECF No. 1) and the Court's review of Plaintiff's application to proceed *in forma pauperis*. (ECF No. 1-1.) Having reviewed the application, this Court finds that leave to proceed *in forma pauperis* is warranted in this matter, and Plaintiff's application will be granted. Because Plaintiff will be granted *in forma pauperis* status in this matter, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed without prejudice.

**I.　　BACKGROUND**

Plaintiff is a state pre-trial detainee confined in a county jail in Pennsylvania. (ECF No. 1 at 2.) According to the complaint, on or about November 10, 2021, a Deptford, New Jersey, detective, Defendant Thomas Mantici, placed a GPS tracking device on Plaintiff's 2008 Range

Rover without a warrant. (*Id.* at 3-4.) Plaintiff suggests that this GPS device was placed on his vehicle because Defendant suspected Plaintiff of having committed a burglary in Deptford on November 9, 2021. (*Id.*) Defendant thereafter used this GPS device to "track" Plaintiff and two cohorts, who travelled into Pennsylvania. (*Id.* at 4.) This tracking led Defendant to relay information to Pennsylvania State Police, who approached Plaintiff's vehicle as it appeared he may have committed another burglary. (*Id.*) Plaintiff fled from police, a chase ensued, and the chase ultimately ended with a violent crash that sent Plaintiff and his passengers to the hospital. (*Id.*) Plaintiff was arrested by Pennsylvania State Police and placed in jail on burglary charges. (*Id.*) Following his arrest, Defendant came to Pennsylvania and retrieved cell phones which were seized from Plaintiff following his arrest, ultimately leading to Plaintiff also being charged with burglary in Deptford. (*Id.* at 4; ECF No. 1-2 at 1.) Plaintiff thus contends that Defendant illegally searched his vehicle and its whereabouts and illegally seized his phone without a warrant in violation of the Fourth Amendment. (*Id.*)

## II.   **LEGAL STANDARD**

Because Plaintiff will be granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences

2

from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III.   DISCUSSION

In In his complaint, Plaintiff seeks to raise two separate Fourth Amendment claims against Defendant asserting that Defendant illegally searched and seized his property on two different occasions without a warrant. In order to prevail on a Fourth Amendment claim challenging an allegedly illegal search and seizure, a plaintiff must plead facts showing that the search was unlawful. *Heck v. Humphrey*, 512 U.S. 477, 487 n. 7 (1994). A claim asserting that a search was

illegal "stands or falls based on the existence of probable cause." *Hatcher v. City of Jersey City Pol. Dep't*, No. 15-8303, 2019 WL 9493337, at *6 (D.N.J. Feb. 27, 2019). A plaintiff seeking to raise a § 1983 illegal search and seizure claim must plead facts indicating that the police lacked probable cause to support the search in question. *See, e.g., Long v. Rementer*, No. 17-217, 2018 WL 3830922, at *5 (D. Del. Aug. 3, 2018).

Although Plaintiff alleges that Defendant did not have a warrant to support the placement of the GPS device or to seize his cell phones, he pleads no facts indicating that Defendant lacked probable cause to conduct these searches or seizures. Instead, his complaint pleads a number of facts which suggest that probable cause may well have existed – i.e., that Defendant suspected Plaintiff and his cohorts had committed a burglary, that they were thereafter located at a location where another burglary alarm was activated, and that they thereafter fled the police when police tried to initiate a traffic stop, resulting in a chase and ultimately a car crash. As Plaintiff has not pled facts suggesting a lack of probable cause – nor has he even alleged a lack of probable cause, he fails to state a plausible claim for relief and his complaint must be dismissed without prejudice at this time. Plaintiff is granted leave, however, to file an amended complaint addressing this deficiency within thirty days.

4

## IV. CONCLUSION

For the reasons expressed above, Plaintiff's application to proceed *in forma pauperis* (ECF No. 1-1) shall be **GRANTED**, Plaintiff's complaint (ECF No. 1) shall be **DISMISSED WITHOUT PREJUDICE**, and Plaintiff is granted leave to file an amended complaint within thirty days. An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge