### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JAHMIR ASHLEY-BOYD** : | : |
| : | **Civil Action No. 1:22-cv-02124-KMW-** |
| Plaintiff : | **EAP** |
| : | |
| vs. : | |
| : | **DEFENDANT THOMAS MANTICI'S** |
| **THOMAS MANTICI** : | **ANSWER TO PLAINTIFF'S** |
| : | **AMENDED COMPLAINT** |
| Defendant. : | |

## COUNT I

1. Jurisdiction is admitted.

2. Not applicable.

3. Admitted upon information and belief.

4. The averments contained in Paragraph 4a of Plaintiff's Amended Complaint are admitted. The averments contained in Paragraph 4b of Plaintiff's Amended Complaint are denied. It is specifically denied that "Defendant illegally placed GPS tracking device on the vehicle without probable cause or a warrant." It is further specifically denied that Defendant "(t)racked vehicle out of jurisdiction into another state (Pennsylvania) without a legal reason." It is specifically denied that any action or inaction of Defendant in any way "violated (Plaintiff's) constitutional rights." All of Plaintiff's allegations are denied and strict proof thereof is demanded at time of trial.

5. The averments contained in Paragraph 5 of Plaintiff's Amended Complaint are denied. It is specifically denied that Plaintiff's "(c)onstitutional rights violated by government agents (law enforcement officer). It is specifically denied that

any action or inaction of Defendant in any way "violated (Plaintiff's) constitutional rights." All of Plaintiff's allegations are denied and strict proof thereof is demanded at time of trial.

6.  The averments contained in Paragraph 6 of Plaintiff's Amended Complaint are denied. It is specifically denied that a GPC tracking devices was "illegally" placed by Defendant. Rather, the same was placed due to a valid Court Order. All law enforcement activity taken by Defendant was in no way "illegal" but was specifically authorized and consistent with usual law enforcement procedures. All of Plaintiff's allegations are denied and strict proof thereof is demanded at time of trial.

7.  The averments contained in Paragraph 7 of Plaintiff's Amended Complaint are denied. It is specifically denied that a GPC tracking devices was "illegally" placed by Defendant. Rather, the same was placed due to a valid Court Order. All law enforcement activity taken by Defendant was in no way "illegal" but was specifically authorized and consistent with usual law enforcement procedures. All of Plaintiff's allegations are denied and strict proof thereof is demanded at time of trial.

**WHEREFORE,** Defendant Thomas Mantici demands judgment in his favor and against the Plaintiff together with attorney's fees and costs.

## DEMAND FOR TRIAL BY JURY

PLEASE TAKE NOTICE:   Defendant hereby demands a trial by jury as to all issues herein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Answering Defendant was not negligent in any way and did not violate any constitutional right of Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's alleged damages are attributable only to his sole and/or voluntary conduct.

### FOURTH AFFIRMATIVE DEFENSE

Defendant did not breach any duty owed to the Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

No conduct by the Answering Defendant was the proximate cause of Plaintiff's claimed damages.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims and complaint are barred by operation of *res judicata* and/or collateral estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and complaint are barred by operation of unclean hands and laches.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant is entitled to all of the defenses, immunities, and privileges in the New Jersey Tort Claims Act, N.J.S.A. 59:1-1, et seq.

### NINTH SEPARATE DEFENSE

Defendant did not act with malice on the occasionS described in the Complaint, and there is no basis for an award of punitive damages.

### TENTH SEPARATE DEFENSE

An award of punitive damages violates the United States Constitution.

### ELEVENTH SEPARATE DEFENSE

Any injuries or damages suffered by plaintiff were the result of plaintiff's own actions or inactions and, therefore, Defendant is not liable for any such damages or injuries.

### TWELFTH SEPARATE DEFENSE

Defendants is protected by an absolute immunity.

### THIRTEENTH SEPARATE DEFENSE

Defendants is protected by a qualified immunity.

### FOURTEENTH SEPARATE DEFENSE

Plaintiff's allegations fail to rise to the level of a constitutional deprivation.

### FIFTEENTH SEPARATE DEFENSE

Defendant fulfilled all obligations owed to the Plaintiff.

### SIXTEENTH SEPARATE DEFENSE

The actions of Defendant were not palpably unreasonable and, therefore, the action of Plaintiff must fail.

### SEVENTEENTH SEPARATE DEFENSE

Defendant acted in good faith at all times.

## EIGHTEENTH SEPARATE DEFENSE

Defendant acted properly and reasonably at all times.

## NINETEENTH SEPARATE DEFENSE

Plaintiff's claims are diminished for failing to mitigate his alleged damages.

## NINETEENTH SEPARATE DEFENSE

Any injuries or damages sustained by Plaintiff were caused by and the result of actions of other parties over whom Defendant had no control and for whom he had no responsibility.

## TWENTIETH SEPARATE DEFENSE

Assuming, *arguendo,* that any acts or omissions alleged constitute negligence, negligence is not a cause of action under 42 U.S.C. § 1983.

## TWENTY FIRST SEPARATE DEFENSE

Plaintiff has failed to prove malicious intent on the part of these Defendants sufficient to defeat a claim of qualified immunity.

## TWENTY SECOND SEPARATE DEFENSE

Plaintiff's Complaint is frivolous within the meaning of Fed. R. Civ. P. 11 and Defendants hereby reserve their rights in that regard.

## TWENTY THIRD SEPARATE DEFENSE

In the event that any actions of Defendant deprived or caused the deprivation of Plaintiff's federally protected rights, all actions of Defendant were performed in good faith and with a reasonable belief that such actions were lawful.

## TWENTY FOURTH SEPARATE DEFENSE

Plaintiff's civil rights were not violated by these Defendants.

**TWENTY FIFTH SEPARATE DEFENSE**

Defendants acting in their official capacity are immune from punitive damages.

**TWENTY SIXTH SEPARATE DEFENSE**

Defendant is absolutely immune from suit based upon the factual allegations of the Amended Complaint.

**TWENTY SEVENTH SEPARATE DEFENSE**

Defendant acted within the police powers assigned to him by the law.

**TWENTY EIGHTH SEPARATE DEFENSE**

Defendant acted pursuant to express legal authorization and/or with reasonable suspicion or probable cause at all times referenced in Plaintiff's Complaint.

**WHEREFORE,** Defendant Thomas Mantici demands judgment in his favor and against the Plaintiff together with attorney's fees and costs.

**CAPEHART & SCATCHARD, P.A.**

Dated:  August 16, 2022           By  */s/ Christopher J. Carlson*
**CHRISTOPHER J. CARLSON, ESQ.**
**Attorney for Defendant Thomas Mantici**
ccarlson@capehart.com
8000 Midlantic Drive, Suite 300S
P.O. Box 5016
Mount Laurel, NJ  08054-5016
(856)234-6800